UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 21-CR-20010-MOORE/ELFENBEIN

UNITED STATES OF AMERICA,

v.

ZENDI FERNANDEZ DE LARA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS MATTER** came before the Court for a revocation hearing on October 29, 2024, upon a Superseding Petition for Warrant or Summons for Offender Under Supervision (the "Superseding Petition"), ECF No. [262], as to Defendant, Zendi Fernandez De Lara ("Defendant").[1]

### RELEVANT BACKGROUND

Defendant was convicted on June 7, 2022, of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. ECF No. [227]. He commenced supervision on June 7, 2023, and is scheduled to terminate supervision on June 6, 2028.

On July 8, 2024, the United States Probation Office ("Probation") notified the Court of various alleged violations of the Defendant's conditions of supervised release and the Court issued a warrant for his arrest. ECF Nos. [245] and [246]. On July 10, 2024, Defendant

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant David Gonzalez, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. ECF No. [250].

1

appeared before the Court for his initial appearance on the Petition with privately retained counsel. ECF No. [248]. On the following day, the Parties stipulated to a $100,000 personal surety bond and the Defendant was released from custody. ECF No. [253]. On August 27, 2024, the Court accepted Probation's Superseding Petition, alleging that Defendant violated additional requirements of supervised release. ECF No. [262]. The undersigned thereafter conducted multiple status conferences with the Parties. ECF Nos. [257], [260], [267], and [269]. The undersigned conducted the revocation hearing on October 29, 2024. ECF No. [270].

The violations alleged in the Superseding Petition are as follows:

1. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 28, 2024, the defendant submitted a urine specimen which tested positive for the presence of Amphetamines in our local laboratory, and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

2. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 28, 2024, the defendant submitted a urine specimen which tested positive for the presence of Benzodiazepines in our local laboratory, and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

3. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 28, 2024, the defendant submitted a urine specimen which tested positive for the presence of Cocaine in our local laboratory, and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

4. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On June 28, 2024, in Miami Dade County, Florida, the defendant committed the offense of Urine Testing Fraudulent Practices, contrary to Florida Statute 817.565, a 1st degree misdemeanor.

5. **Violation of Special Condition**, by failing to abide by all supplemental conditions of treatment. On or about June 28, 2024, during the submission of a urine specimen, the defendant attempted to tamper with the urine specimen to avoid the detection of illegal drug use.

6. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On July 2, 2024, the defendant submitted a urine specimen which tested positive for the presence of Amphetamines in our local laboratory, and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

7. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On July 26, 2024, the defendant submitted a urine specimen which tested positive for the presence of Cocaine in our local laboratory, and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

8. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On August 20, 2024, the defendant was instructed to submit to drug testing and failed to do so.

ECF No. [262] at 2-3.

## REVOCATION HEARING

All parties, including counsel for the United States, United States Probation Officer Akeya Abisdid, Defendant, and Defendant's counsel, appeared at the hearing prepared to proceed. At the start of the hearing, Defendant indicated his intention to admit to all the violations as alleged in the Superseding Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to the violations in the Petition is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to three years' imprisonment, followed by supervised release of up to five years, as set forth in 18 U.S.C. § 3583(b)(2). Defendant acknowledged that he understands the maximum penalties. Accordingly, based on the representations on the record from Defendant, Defendant's counsel, the Government, and the United States Probation Officer, and having had the opportunity to observe and hear

3

directly from Defendant, the undersigned recommends that the Court set the matter for a final hearing and accept Defendant's admission of guilt as to all violations as charged in the Superseding Petition, ECF No. [262].

The parties will have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida on October 31, 2024.

_____<br>
**MARTY FULGUEIRA ELFENBEIN**<br>
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
Hon. K. Michael Moore, U.S. District Judge
Counsel of Record